**LE FEBER, Plaintiff-Appellant, v. CITY OF NORWOOD, Defendant-Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 7352.   Decided January 22, 1951.

Stewart S. Cooper, Cincinnati, for plaintiff-appellant.
Jos. W. Shea, Jr., Norwood, City Solicitor, for defendant-appellee.

## OPINION

Per CURIAM:

This is an appeal on questions of law from a judgment of the Common Pleas Court of Hamilton County, Ohio, in favor of the defendant.   Trial was to the Court without a jury.

The pertinent facts essential to a determination of the issues presented are not in dispute.

A part of the evidence presented consists of an agreed statement of facts, duly filed in the trial court.

It appears that the plaintiff had performed certain services for the defendant.   There is no complaint as to the character or extent of such services,   Payment for such services is specifically provided for in the contract between the parties. This contract provides in part:

"3. The OWNER agrees to pay the ENGINEER as compensation for such professional engineering service a percentage

of the entire cost of construction in accordance with the following schedule of basic minimum fees:

* * *

"a. Sixty (60%) per cent of the total fee when working or contract plans and specifications with detailed estimates of cost are completed, and bids received and accepted.

* * *

"In the event the OWNER does not proceed with the construction of the improvements for which plans have been authorized and prepared as designated 1 (a) above, the OWNER agrees to pay the ENGINEER the lump sum of $15,000.00. In the event of the abandonment of the project, this shall become the only sum due and payable."

Now the evidence is conclusive that the defendant, for reasons best known to it, has not proceeded with the construction and improvement. A financing program was inaugurated, including the issuance of bonds. The proceeds thereof are in the Treasury of the defendant. It advertised and received bids, but did not accept any. The project appears to be at a standstill. Bids were received in the Fall of 1947. Nothing further has been done. The petition was filed June 24, 1949.

Now, referring to the portion of the contract quoted, it will be noted that it is therein stated—that "In the event the OWNER does not proceed with the construction of the improvements * * * the OWNER agrees to pay the ENGINEER the lump sum of $15,000.00."

Now two things are clearly undisputed in the evidence. The owner has not proceeded with the construction. There is no evidence that the owner has abandoned the improvement. It will be observed that it is only where such is the case that the sum of $15,000.00 shall be "the only sum due and payable." Of course, the owner, not having accepted bids, the plaintiff cannot claim payment under the schedule. (Par. 3, (a) supra.)

It is also obvious that the payment of $15,000.00 shall be considered as a credit upon a schedule payment when the owner accepted a bid upon the improvement.

The essential facts and the inferences therefrom being clearly undisputed, it appears to this Court that the plaintiff at this time is entitled to the sum of $15,000.00 as a credit upon a later schedule payment, unless the owner shall hereafter abandon the project.

The judgment of the court of common pleas is, therefore, reversed, and final judgment may be here entered accordingly.

ROSS, PJ, HILDEBRANT & MATTHEWS, JJ, concur.